Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001298
28-JUL-2016
08:04 AM

NO. CAAP-14-0001298

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PATRICIA E. BREAULT OLIVEIRA, Plaintiff-Appellee,
v.
DARRYL J. OLIVEIRA, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 09-1-000044)

MEMORANDUM OPINION
(By: Fujise and Ginoza, JJ.;
with Foley, Presiding Judge, dissenting)

Defendant-Appellant Darryl J. Oliveira (**Darryl**) appeals from the "Order Denying [Darryl's] Motion for Post-Decree Relief Filed on February 15, 2012" (**Order Denying Relief**) entered on October 14, 2014, in the Family Court of the Third Circuit[1] (**family court**).

On appeal, Darryl contends that the family court erred in denying his motion for post-decree relief under Hawai'i Family Court Rules (HFCR) Rule 60(b)(6)[2] because (1) the actions of

---

[1] The Honorable Lloyd Van De Car presided.

[2] HFCR Rule 60(b) provides:

**Rule 60. Relief from judgment or order.**

**(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud.** On motion and upon such terms as are just, the court may relieve a party or a party's legal
(continued...)

Plaintiff-Appellee Patricia E. Breault, formerly known as Patricia E. Breault Oliveira (**Patricia**), constituted fraud upon the court and (2) the divorce decree was unconscionable.[3]

## I.   BACKGROUND

Darryl and Patricia were married on April 28, 1994. Patricia filed for divorce in 2009. With the assistance of an attorney, Patricia had a divorce agreement drafted. The agreement and a proposed divorce decree were drafted, signed by both parties, and Patricia filed the documents with the family court. On April 24, 2009, the family court entered the divorce decree (**Divorce Decree**), which had been signed as approved by both Patricia and Darryl. The Divorce Decree provided in pertinent part that "[n]either party shall be required to pay alimony to the other party[,]" but also provided that "[i]n

---

2(...continued)
representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons:
(1)   mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) of these rules or to reconsider, alter, or amend under Rule 59(e);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) any other reason justifying relief from the operation of the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceedings was entered or taken. For reasons (1) and (3) the averments in the motion shall be made in compliance with Rule 9(b) of these rules. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

3  We do not address Darryl's other arguments on appeal, which are outside of the scope of his motion for post-decree relief.

consideration for Wife waiving her claim to Husband's retirement, Husband agrees that he will provide Wife an equalization payment of $2400, per month, for a period of 360 months." Neither party appealed from the Divorce Decree.

On February 15, 2012, nearly three years later, Darryl filed a "Motion and Affidavit for Post-Decree Relief." Darryl requested the family court reclassify the "equalization payments" agreed to in the divorce as "alimony," and for the court to void the payments moving forward. In support of his motion, Darryl appears to have contended that the divorce agreement was unconscionable due to one-sidedness, his agreement was an obvious mistake of fact and law, he may have been fraudulently induced to agree to the terms of the agreement, and Patricia committed multiple acts of fraud during the proceedings.

On October 14, 2014, the family court entered the Order Denying Relief. In the Order, the family court treated Darryl's motion as a request for relief under HFCR Rule 60(b). The family court determined that Darryl's claim that Patricia had engaged in fraud was untimely under HFCR Rule 60(b)(3) because a motion for relief under Rule 60(b)(3) must be filed within one year. The family court further concluded that the alleged acts of fraud did not amount to fraud upon the court under HFCR Rule 60(b)(6), which does not have a one year filing deadline and instead requires motions for relief be filed "within a reasonable time."[4] Regarding Darryl's argument that the agreement was unconscionable and should be set aside, the family court noted that, (1) "[t]he evidence presented at the hearing on [Darryl's] motion made it clear that the parties intended that in exchange for releasing her claim to any portion of [Darryl's] retirement [Patricia] would receive from [Darryl] enough money to retain the marital residence[;]" (2) the 2009 Divorce Decree was "executed by [Darryl] voluntarily after a full opportunity to review its

_____

4 The family court concluded that the motion was filed within a reasonable time.

3

terms[;]" and (3) while it was "unfortunate but not extraordinary" that Darryl has found it difficult to comply with the terms, the court would not "relieve him from the choices he has made," and declined to afford him relief under HFCR Rule 60(b)(6).

Darryl timely filed his notice of appeal on November 13, 2014, only contending that relief should have been granted under HFCR Rule 60(b)(6).

## II. STANDARD OF REVIEW

"The family court's denial of a motion under HFCR Rule 60(b)(6) is reviewed for abuse of discretion." Cvitanovich-Dubie v. Dubie, 125 Hawai'i 128, 139, 254 P.3d 439, 450 (2011) (citation omitted).

## III. DISCUSSION

### A. Fraud Upon the Court

Darryl contends Patricia engaged in "fraud upon the court" and, based upon that fraud, the family court should have granted Darryl relief from the Divorce Decree under HFCR Rule 60(b)(6).[5] If the alleged fraud does not amount to fraud on the court, it falls under the provisions of HFCR Rule 60(b)(3), Cvitanovich-Dubie, 125 Hawai'i at 144-46, 254 P.3d at 455-57, and, as the family court ruled, Darryl's motion for relief under HFCR Rule 60(b)(3) was untimely.

"Although fraud upon the court has eluded exact definition, . . . fraud upon the court 'is more than mere fraud.'" Standard Mgmt., Inc. v. Kekona, 98 Hawai'i 95, 100, 43 P.3d 232, 237 (App. 2001) (footnote omitted) (quoting Se. Colo. Water Conservancy Dist. v. Cache Creek Mining Tr., 854 P.2d 167, 176 (Colo. 1993)). "Since the remedy for fraud on the court is

---

5 "Rule 60(b), HFCR, is similar to Rule 60(b), Hawaii Rules of Civil Procedure (HRCP) and Rule 60(b), Federal Rules of Civil Procedure (FRCP), except for some minor variations which do not affect the provisions concerned here. Therefore, the treatises and cases interpreting HRCP, Rule 60(b) and FRCP, Rule 60(b) provide persuasive reasoning for the interpretation of HFCR 60(b)." Hayashi v. Hayashi, 4 Haw. App. 286, 290 n.6, 666 P.2d 171, 174 n.6 (1983).

far reaching, it only applies to very unusual cases involving 'far more than an injury to a single litigant,' but rather, a 'corruption of the judicial process itself.'" Schefke v. Reliable Collection Agency, Ltd., 96 Hawai'i 408, 431 n.42, 32 P.3d 52, 75 n.42 (2001) (citations and brackets omitted) (quoting 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d § 2870, at 413-414, 418 (1995)). The fraud "must be a 'direct assault on the integrity of the judicial process.' . . . Examples of such fraud include 'bribery of a judge,' and 'the employment of counsel in order to bring an improper influence on the court.'" Id. at 431, 32 P.3d at 75 (citations omitted) (quoting 11 Wright, Miller & Kane, supra, at 416-19). Fraud on the court must be established by clear and convincing evidence. Id.

Darryl asserted that Patricia committed a litany of fraudulent acts that amount to fraud on the court, including: Patricia filed affidavits which contained falsehoods, including that the divorce agreement did not deviate from the partnership model; she induced Darryl to sign the divorce agreement, which she knew to be unenforceable; she prevented Darryl from meeting with Brian De Lima (De Lima), the attorney who drafted an earlier version of the divorce agreement and who had met with Patricia, despite De Lima's request to meet with Darryl; and she knowingly filed an unenforceable divorce agreement which manipulated the court into becoming an instrument to fraud.

Even if we assume Darryl's allegations are true, Patricia's actions do not amount to "fraud upon the court." Darryl signed the Divorce Decree and the divorce agreement indicating his agreement to the terms of the divorce, both of which expressly state that "[i]n consideration for Wife waiving her claim to Husband's retirement, Husband agrees that he will provide Wife an equalization payment of $2400, per month, for a period of 360 months." Darryl apparently did not consult his own attorney before signing, moreover he submitted an "Answer to Complaint" signed by him which states: "I have received and read

the Complaint for Divorce, the Matrimonial Action Information form, and the Divorce Decree and I agree to all terms set within and upon these documents." Further, Patricia's representation that the divorce agreement did not deviate from the partnership model is in essence a legal assertion[6] and, even if incorrect, is not equivalent to bribery of a judge or bringing an improper influence on the court. Any perceived "unenforceability" of the divorce agreement does not amount to a corruption of the judicial process itself. Accordingly, the circuit court did not abuse its discretion in denying Darryl's motion for relief to the extent it was based on fraud on the court.

B. Unconscionability

Darryl also contends the family court erred by denying his request for post-decree relief on the grounds that the Divorce Decree was unconscionable.

The family court treated Darryl's claim of unconscionability as a request for relief under HCFR Rule 60(b)(6). Darryl does not assign any error to this, admitting in his opening brief that "[t]he Family Court correctly found that Rule 60(b)(6) could be applied to claims for relief on the grounds of unconscionability . . . ."

> Rule 60(b)(6) empowers the court in its discretion to vacate a judgment whenever that action is appropriate to accomplish justice. Like HRCP Rule 60(b)(4), it has no statute of limitations. However,
>
>> The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests. In particular, it ordinarily is not permissible to use this motion to remedy a failure to take an appeal. However, this is not an inflexible rule and in unusual cases a party who has not taken an appeal may obtain relief on motion.
>
> Wright and Miller, Federal Practice and Procedure: Civil § 2864 (1973).
>
> A party seeking relief under HRCP Rule 60(b)(6) after

---

6 The representation was made in an affidavit in which Patricia noted that she was representing herself and in which she requested that the family court enter the Divorce Decree.

> the time of appeal has run must establish the existence of "extraordinary circumstances" that prevented or rendered him unable to prosecute an appeal. *Martella v. Marine Cooks and Stewards Union*, 448 F.2d 729 (9th Cir. 1971); *see also Annat v. Beard*, 277 F.2d 554 (5th Cir. 1960)[,] *cert. denied*, 364 U.S. 908, 81 S.Ct. 270, 5 L.Ed.2d 223.

In re Hana Ranch Co., Ltd., 3 Haw. App. 141, 147, 642 P.2d 938, 942 (1982)(emphasis added); see also Haw. Hous. Auth. v. Uyehara, 77 Hawai'i 144, 148-49, 883 P.2d 65, 69-70 (1994) (quoting Hana Ranch and holding that a party's failure to object to a settlement agreement for three years indicated ratification); Citicorp Mortg. Inc. v. Bartolome, 94 Hawai'i 422, 436-37, 16 P.3d 827, 841-42 (App. 2000) (quoting Hana Ranch and holding that there were no "extraordinary circumstances" that precluded an appeal); Int'l Sav. & Loan Ass'n, Ltd. v. Carbonel, 93 Hawai'i 464, 474, 5 P.3d 454, 464 (App. 2000) (quoting Hana Ranch and holding that there were no "extraordinary circumstances" that precluded the party from timely appealing).

Darryl has failed to point to any "extraordinary circumstances" that prevented him from appealing from the Divorce Decree. In his opening brief, Darryl does not expressly explain why he did not appeal from the Divorce Decree. At most, Darryl asserts that he had "little chance to discover Patricia's fraud since it was ostensibly protected by the attorney-client privilege." According to Darryl, *after* he filed his motion for post-decree relief, discovery disputes arose because of claimed attorney-client privilege between Patricia and De Lima. However, this contention does not address why Darryl could not have retained his own counsel to review the Divorce Decree, nor does he claim that he made an effort at any time to meet with De Lima but was thwarted by someone asserting an attorney-client privilege between Patricia and De Lima. In short, Darryl provides no explanation for deciding to abide by the evident terms of the Divorce Decree without complaint for almost three years. He has not demonstrated any "extraordinary circumstances" that prevented him from appealing when the Divorce Decree was entered.

Given the record in this case, the family court did not abuse its discretion in denying Darryl's request for relief under HFCR Rule 60(b)(6).

### IV.  CONCLUSION

Therefore, the "Order Denying Defendant's Motion for Post-Decree Relief Filed on February 15, 2012," entered on October 14, 2014, in the Family Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, July 28, 2016.

On the briefs:

Michael T.I. Kim,
for Defendant-Appellant.

Douglas L. Halsted,
for Plaintiff-Appellee.

Associate Judge

Associate Judge